No. 85-628

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

FRANCES H. STAMM,

Plaintiff and Respondent,

vs.

PATRICIA ANN KEARNS KEHRER,
the ESTATE OF IVA LEA ORR, a
protected person; EVELYN ORR
DORAN, et al.,

Defendants and Appellants.

---

Appeal from:  District Court of the Fifth Judicial District
              In and for the County of Beaverhead

Counsel of Record:

            For Appellants:

                Schulz, Davis and Warren, Dillon, Montana
                John Warren, Dillon, Montana

            For Respondent:

                Max A. Hansen, Dillon, Montana

---

Submitted on briefs: May 9, 1986

Decided:   June 19, 1986

Filed:  JUN 19 1986

Ethel m. Harrison
            Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendants appeal the judgment of the Fifth Judicial District Court, Beaverhead County, declaring plaintiff to be the owner of a prescriptive easement and granting injunctive relief. We affirm.

Plaintiff Frances Stamm and defendant Patricia Kehrer are neighbors in Dillon, Montana. Mrs. Stamm resides at 22 East Orr Street and Mrs. Kehrer resides at 44 East Orr Street. The two lots are separated by an alley which serves as a driveway for Mrs. Stamm and for tenants of a duplex located on the corner of Mrs. Kehrer's property. In 1982, Mrs. Kehrer commenced erecting a picket fence around her entire lot with a gate where the ally entered onto Orr Street and a gate in front of Mrs. Stamm's garage. Although the alley is on Mrs. Kehrer's property and the fence is located on the boundary of her lot, Mrs. Stamm filed suit claiming a prescriptive easement and requesting the portion of the fence interfering with her use of the alley be removed as a nuisance.

Mrs. Stamm moved into her present residence in 1925 with her husband. In about 1929, Mr. Stamm had a garage built on the rear end of their lot, accessible by means of the alley. The adjacent lot was owned by the Orr family until 1981, when it was sold to Mrs. Kehrer. The Orrs and the Stamms were on friendly terms throughout the time they were neighbors.

The Stamms used the alley daily for access to their garage, and regularly drove from the alley onto their lawn to wash their car or unload groceries by the back door. The portion of Stamms' lot behind the garage was used for parking when they had visitors. The alley was also frequently used

2

by the public until the late 1950's when a cottonwood tree fell and blocked the way.

The Stamms never asked permission of the Orrs to use the area in question. Although the property boundary was about 8 feet west of the alley on the Stamms' side, the Stamms maintained the lawn and shrubbery on the subject parcel of land. Additionally, the Stamms filled in potholes, sprinkled during the summer to keep the dust down, and occasionally hauled in gravel for surface material.

In 1975, the Orrs commenced construction of a snow fence around the rear portion of the Orr property with the intention of permanently closing the south end of the alley. When the workmen attempted to string the fence along the property boundary between the alley and the rear portion of Stamms' lot, Mrs. Stamm objected. (Mr. Stamm died in 1974.) After discussing the matter, the snowfence was halted 20 feet south of Mrs. Stamm's garage so she would have continued access to the portion of her lot behind the garage. There was no snow fence erected north of her garage on the parcel of land between the alley and Mrs. Stamm's property line.

In 1981, the Orrs sold their property to Mrs. Kehrer. In 1982, Mrs. Kehrer removed the snow fence and began construction of a 6 foot high picket fence around the entirety of her lot. Over Mrs. Stamm's objection, the fence was built along the boundary of her property with a gate to allow access to her garage and a gate at the alley's entrance onto Orr Street. The fence closed off Mrs. Stamm's access to the portion of her lot behind the garage, and prevented her from driving across her lawn to unload groceries at her back door.

Mrs. Stamm filed suit alleging a prescriptive easement and requesting the fence be removed for obstructing the

3

enjoyment and use of her property. A temporary restraining order was subsequently issued enjoining Mrs. Kehrer from continuing construction of the fence and requiring removal of the portions of the fence which obstructed Mrs. Stamm's access to her lot.

A bench trial was held on April 26, 1985. The District Court found that Mrs. Stamm and her predecessors in interest have openly, notoriously, adversely, exclusively, and continuously used the alley for a period of 60 years; that Mrs. Kehrer failed to rebut the presumption of adverse use by any showing that the use was permissive; that Mrs. Stamm was the owner of a prescriptive easement for ingress and egress to her property and Mrs. Kehrer was barred from obstructing such use. Mrs. Kehrer appeals the judgment and raises the following issues:

1) Whether the District Court's decision declaring Mrs. Stamm to be the owner of a prescriptively acquired easement is clearly erroneous?

2) Assuming but not conceding that Mrs. Stamm owns an easement by prescription, do a fence and gates unreasonably interfere with Mrs. Stamm's access or constitute a nuisance?

To establish a prescriptive easement, the claimant must show "open, notorious, exclusive, adverse, continuous and or interrupted use of the easement claimed for the full statutory period." Scott v. Weinheimer, 140 Mont. 554, 560, 374 P.2d 91. The statutory period in Montana is 5 years pursuant to § 70-19-401. Once the claimant establishes these elements adverse use is presumed and the burden of proof shifts to the owner to show that the use was permissive. Rathbun v. Robson (Mont. 1983), 661 P.2d 850, 40 St.Rep. 475.

In the present case, the District Court concluded that Mrs. Kehrer failed to rebut the presumption of adversity by

4

any showing that Mrs. Stamm's use of the alley was permissive. On appeal, Mrs. Kehrer contends there is substantial evidence showing permissive use, and the District Court finding of a prescriptive easement is clearly erroneous.

At trial, testimony revealed that Mr. Stamm made an offer in 1951 to buy from the Orrs the tract of land between the alley and the Stamms' property boundary. In 1975, Iva Lea Orr's attorney allegedly sent a letter to Mrs. Stamm assuring her continued use of the alley but stating that such use was permissive. Mrs. Stamm testified she never received the letter, and District Judge Davis, who was her attorney at the time, testified that Mrs. Stamm had likely not received the letter or she would have gone to his office to discuss it.

Under Rule 52(a), M.R.Civ.P. the trial court's findings shall not be set aside unless clearly erroneous. While Mrs. Kehrer did produce some evidence showing permissive use, we cannot say as a matter of law that the District Court erred in finding Mrs. Kehrer failed to rebut the presumption of adverse use. There is substantial credible evidence supporting the finding of a prescriptive easement. Mrs. Stamm prevented the erection of a snow fence 10 years ago over the area now in dispute, she has taken care of the lawn on her side of the alley for 60 years, and she has maintained the alley for the same period.

The next issue we address is whether the fence constitutes a nuisance and interferes with Mrs. Stamm's access to her property. We agree with the District Court that the fence interferes with access to Mrs. Stamm's property and is a private nuisance. In the recent case of Flynn v. Siren (Mont. 1986), 711 P.2d 1371, 43 St.Rep. 10,

5

this Court held that easement interference had occurred where the placing of gates and locked chains across a right of way obstructed passage of farm machinery and turned away potential business clients. Although <u>Flynn</u> involved a reserved easement, the general rule for easement interference as set forth in <u>Flynn</u> is applicable to the case at bar.

> The owner of a reserved easement may use it to the full use of the right retained. The owner of the servient tenement may make use of the land in any lawful manner that he chooses, which use is not inconsistent with and does not interfere with the use and right reserved to the dominant tenement or estate.

711 P.2d 1372, 43 St.Rep. 12.

Mrs. Kehrer contends no easement interference has occurred because the gates have never been locked and only on rare occasions have they been closed. We do not agree. Mrs. Stamm seeks to maintain access to her lawn, not just her garage, and the fence precludes such access. Further, Mrs. Stamm is an 84 year-old woman, and she testified that the gates were very difficult for her to maneuver.

Nuisance is defined in § 27-30-101, MCA, in pertinent part as "Anything which is . . . an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property . . ." The evidence in the record reveals Mrs. Stamm's previous uses of her property would be restricted by the placement of a fence along the property boundary and the gates are an obstruction to her use of the alley.

The District Court is affirmed.

_____
Justice

We Concur:

_____
                Chief Justice

_____

_____
John C. Sheehy

_____
L. C. Gulbrandson
                Justices