MR. JUSTICE SHEEHY
delivered the Opinion of the Court.
The defendants above named appeal from an order and judgment of the District Court, Seventeenth Judicial District, Valley County, denying appellants attorneys’ fees in a case where the appellants were successful in securing the dissolution of an injunctive order.
The District Court reasoned that it would not award attorneys’ fees as an element of damages here because Roosevelt County, Valley County and the State of Montana each pay their respective attorneys a salary for representation in matters affecting those entities, and because the affidavits filed in the case did not show that the attorneys’ services burdened the taxpayers beyond their salaries. We uphold and affirm the District Court.
Respondent Northern Border Pipeline Company initiated an action on November 23, 1987, seeking injunctive relief against the imposition of 1987 state property taxes on its pipeline located within the exterior boundaries of the Fort Peck Indian Reservation. North *135 ern Border proceeded under § 15-1-405, MCA, which permits a district court to restrain the collection of any tax or part thereof “where the tax or the part thereof sought to be enjoined is illegal or not authorized by law.” As a basis for the injunction, Northern Border set out in its complaint six claims for relief: (1) that the assessing, levying and collecting of taxes by Valley and Roosevelt Counties on the property interests of Northern Border within the exterior boundaries of the Fort Peck Indian Reservation were inconsistent with federal policies and were preempted by federal law; (2) that such assessing, levying and collecting of taxes interfered to an impermissible extent with the right of the tribes thereon to govern themselves; (3) that no nexus existed between the counties and the property interests of Northern Border located on trust land within the boundaries of the Fort Peck Indian Reservation; (4) that the proposed taxes violated Art. I, Section 8, Clause 3, of the United States Constitution; (5) that the proposed collection of taxes violated Section 4 of the Enabling Act for the State of Montana and Article I of the Montana Constitution; and, (6) that the imposition of taxes by the two counties was confiscatory as to Northern Border and violated Northern Border’s rights to equal protection and due process of law under the United States Constitution.
The appellants herein, the defendants below, include the State of Montana, the Montana Department of Revenue and its director, Roosevelt County, Valley County and various officials of those counties.
While the tax dispute was in the District Court, the parties filed cross-motions for summary judgment, and on June 29, 1988, the motion of the appellants was granted and that of Northern Border was denied. In relevant part, the June 29 order dissolved the previously issued preliminary injunction and directed entry of judgment in the appellants’ favor.
On July 11, 1988, the appellants filed a motion for attorneys’ fees and expenses, requesting $7,027.26 as damages. Of that amount, $5,695.26 was attributed to attorneys’ fees, later increased by $192.00; and $1,320.00 was attributed to transportation expenses in connection with two hearings before the District Court in Glasgow, Montana.
In the same order in which the District Court denied the appellants’ attorneys’ fees, it granted the award for transportation expenses. Northern Border has not cross-appealed as to the transpor *136 tation expenses. This appeal relates solely to the item of attorneys’ fees claimed by the appellants.
Section 27-19-306, MCA, provides that when a district court grants an injunction or restraining order, the court shall require a written undertaking to be given by the applicant, in such sum as the court considers to be proper, “for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.” (Emphasis added.)
In Sheridan County Electric Co-op., Inc. v. Ferguson (1951), 124 Mont. 543, 551, 227 P.2d 597, 601, this Court held that:
“Where . . . the sole purpose of the action was to obtain injunctive relief, then after dissolution of the injunction and upon final adjudication, counsel fees are recoverable for defense of the entire suit.” In that case, Ferguson, a minority stockholder of the cooperative, sought to restrain and enjoin the corporation from moving its principal place of business from Westby, Montana, to Medicine Lake, Montana and a restraining order was granted. In that case, also, Ferguson had posted an undertaking. The action by the cooperative was upon the injunction bond after the injunctive order was dissolved, and this Court held in that case:
“The measure of damages in an action on the injunction bond is the amount which will compensate for all the detriment proximately caused by the injunction during the time it is operative, or which in the ordinary course of things, would be likely to result therefrom.” 124 Mont. at 549, 227 P.2d at 601.
In Marta v. Smith (1981), [191 Mont. 179,] 622 P.2d 1011, this Court stretched the right to recover attorneys’ fees by a litigant who successfully procures a dissolution of an injunctive order to cases where an undertaking was not filed. In that case, this Court said:
“Despite the fact that § 27-19-306 provides for recovery by an action on an injunction bond, we apply the same reasonable standard to those actions for attorney fees in which a bond is not involved. In making attorney fees an element of damages under § 27-19-306, the legislature surely did not intend to make the recovery depend on the judge’s discretion in demanding an injunction bond. Thus we find that the district judge should have awarded reasonable fees as an element of damages, pursuant to § 27-19-306, MCA, and not as costs of suit.”
622 P.2d at 1016.
Thus, Marta clearly established that recovery of attorneys’ fees was not dependent upon the furnishing of a bond or undertaking *137 but just as clearly held that reasonable attorneys’ fees were an element of damages and not costs of suit.
In this case, appellants are asking this Court to stretch Marta even further, by allowing the recovery of attorneys’ fées where no monetary damages are established.
The motion of the Attorney General for attorneys’ fees was supported by affidavits from a Deputy Attorney General who claimed 54.5 hours of services at $48 per hour; an attorney for the Department of Revenue, who claimed 32 hours of services at $30 per hour (based on the budget given to the Department of Revenue); another attorney for the Department of Revenue who claimed 18 hours of services at $30 per hour; and the County Attorney of Roosevelt County, who claimed 18 hours of services at $21.07 per hour. Each of the affidavits was made by persons who were salaried employees of the state or of the county.
Section 27-1-202, MCA, defines the right to compensatory damages to persons who suffered detriment from the unlawful act or omission of another. Although Northern Border did not act unlawfully here in pursuing its perceived rights under § 15-1-405, MCA, under Marta, supra, damages in cases such as this include attorneys’ fees. Yet, attorneys’ fees here were not incurred in the sense that the State and two counties involved would have had the salary expense of the respective attorneys with or without Northern Border’s litigation. As the District Court reasoned, no additional burden has been placed upon the taxpayers of any governmental entity by virtue of Northern Border’s actions, although the appellants argue that the time spent by the respective attorneys on this litigation was time taken from other matters which those attorneys could have handled. We hold that such a claim for damages is too remote to be considered a proper basis for the assessment of damages.
In this case, no bond or undertaking was required of Northern Border when it applied for its injunctive relief. Part I, Title 15, MCA, provides several alternative remedies that may be taken by a taxpayer that wishes to contest the assessment, levying or collection of a tax. One of those alternatives is the injunctive method provided in § 15-1-405, MCA, No mention in that statute is made that a taxpayer seeking injunctive relief under § 15-1-405, MCA, must comply with the undertaking provisions of § 27-19-306, MCA. It is not necessary to decide that point here, however.
Our decision here does not affect our holding in City of Helena v. Brule (1895), 15 Mont. 429, 39 P.2d 456 where we held that public *138 entities may recover attorneys’ fees paid to retain outside counsel as damages for being wrongfully enjoined. Our holding in this case is compatible with the generally accepted view of compensatory damages that the reason for the award of damages is to make the damaged person whole.
We affirm the holding of the District Court.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES GULBRANDSON and HUNT concur.