No. 90-158

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

DAN C. RASMUSSEN,
    Plaintiff, Respondent and Cross-Appellant,
-vs-
PHILLIP FOWLER, Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Ravalli,
                The Honorable Edward McLean, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        James A. Haynes, Hamilton, Montana

        For Respondent:

        Ralph B. Kirscher, Worden, Thane & Haines, Missoula,
        Montana


                            Submitted:    September 31, 1990

                            Decided:    November 15, 1990

Filed:

_____
                Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Phillip Fowler appeals from the judgment of the District Court of the Fourth Judicial District, Ravalli County, holding Rasmussen to be entitled to access across Fowler's property by virtue of prescriptive right. We affirm the District Court.

Fowler presents the following issues:

1. Whether the District Court erred in determining a public easement exists on McFadgeon Road.

2. Whether the District Court erred in determining Rasmussen has a prescriptive easement in the McFadgeon Road.

The Rasmussen family purchased dryland farm property in 1955 from Lawrence McFadgeon. In 1965, McFadgeon gave over his 200 acre state land agricultural lease to the Rasmussens. To gain access to the leased land, McFadgeon had crossed the land currently owned by Fowler for more than forty years. The road was commonly referred to as the McFadgeon Road by area landowners.

Appellant Fowler purchased his property in 1975. The McFadgeon road runs across Fowler's property, passing between his house and barn.

Dan Rasmussen acquired the farm from his parents in 1972. He has continuously resided and worked upon the farm from 1955 to the present, excepting three years of college. Rasmussen, as his father and Lawrence McFadgeon before him, used the road to reach his state leasehold. In that practice, Rasmussen has driven trucks, combines, rod weeders and other farm machinery over the road without seeking permission from Fowler or his predecessors.

At the time Fowler acquired his property, a problem arose through increased use of the road by people not associated with any farming or ranching interests in the area. A decision was made by Fowler, Rasmussen and Robert Bandy, who also used the road, to install a locking gate. Keys were distributed to all, including other families who used the road for access. All parties continued to use the road as they had in the past.

In 1987, Fowler erected a new gate across the road with a 14-foot wide clearance. At that time, Rasmussen indicated to Fowler that he could not drive his combine through, as it needed at lest a 22- to 24-foot clearance. No change in the gate width was made. Fowler soon informed Rasmussen to cease using the road, and Fowler thereafter chained and locked the gate shut.

Rasmussen subsequently filed a complaint and request for an injunction on August 17, 1987, in order to harvest his wheat crop on his leasehold. A hearing was held on August 27, 1987, and the District Court granted Rasmussen a preliminary injunction, ordering all locks and chains removed and interference to cease.

On May 23, 1988, Fowler was ordered to remove any gates or posts encumbering Rasmussen's access. A hearing was held two days later, with Fowler appearing through counsel. The court advised counsel to instruct Fowler to remove the portion of the gate obstructing Rasmussen's farm equipment movement within three days.

Trial was held on August 29, 1988. The court issued findings of fact and conclusions of law on November 4, 1988, and concluded that Rasmussen and his predecessors had established the following

prescriptive rights in McFadgeon Road:

1. A commercial easement in gross for the benefit of Rasmussen and his farmlands;

2. An easement appurtenant to the state leased land for the limited benefit of agricultural lessees of the state land; and

3. A public easement to the state land in accordance with historical use.

The court ruled Rasmussen's easement to extend to all general farming and ranching purposes as exercised in the past, and that the use rights were conveyable by him to successors for the same purposes. The court further ordered all impediments removed and reconstruction of the gate to afford Rasmussen access with his equipment. Rasmussen was further granted right of reasonable maintenance and attorney fees, costs and punitive damages.

Final judgment and order was entered on January 12, 1990. The court amended the earlier findings to establish that the McFadgeon Road followed a definite course, a necessary element for the existence of a prescriptive public easement. In addition, the court reserved the issue of punitive damages pending a violation of the order and judgment, and denied attorney fees. Fowler appeals from the judgment, and Rasmussen cross-appeals the denial of punitive damages and attorney fees.

We address first and primarily the issue of a public prescriptive easement. It is well established that a prescriptive easement may be acquired by open, exclusive, notorious, continued and uninterrupted use for a period of five years. Section 70-19-401, MCA; Parker v. Elder (1988), 233 Mont. 75, 758 P.2d 292; Stamm

4

v. Kehrer (1986), 222 Mont. 167, 720 P.2d 1194; Rathbun v. Robson (1983), 203 Mont. 319, 661 P.2d 850; Garrett v. Jackson (1979), 183 Mont. 505, 600 P.2d 1177.

The record in the instant case is replete with evidence of an adverse use of the McFadgeon Road rather than a permissive use. Testimony by current and past landowners using the road documented public use of the road going back over 50 years. During that period, various gates were installed along the road for the purpose of keeping cattle from roaming, not to deny access. Until Fowler locked his gate, no evidence of restricting public use was shown, save one. In that instance, Rasmussen's predecessor, Lawrence McFadgeon instituted a civil suit in 1949 to enjoin one George Schwab from closing off the road. The record discloses that the suit was dismissed and Schwab thereafter made it known the road was not to be closed.

In Johnson v. McMillan (1989), 238 Mont. 393, 778 P.2d 395, a case very similar to the instant case, this Court reaffirmed the rule that a gate erected "not to stop people but cattle, is not enough standing alone to rebut the presumption established by such . . . long public use."

Most of those testifying stated they used the road, without seeking permission, to gain access to their lands. Others testified that the county claimed the road for a period, and provided a grader to be used in its maintenance. This is on all fours with McClurg v. Flathead County Commissioners (1980), 188 Mont. 20, 610 P.2d 1153, wherein the landowner attempted to close

5

a road used by the public for over 33 years in a continuous, uninterrupted and adverse manner. This Court held that the public's continued adverse use, and the grading and maintaining of the road without the landowner's permission were sufficient to show adverse control.

There is substantial evidence here to support a finding that public travelers pursued a definite, fixed course, continuously and uninterruptedly, over the road for at least 50 years. Fowler's evidence of permissive use is scant. Absent a demonstration of a clearly erroneous determination by the district court, we will affirm. Rule 52(a), M.R.Civ.P. District courts sitting as finders of fact occupy the best position to determine if a use has been permissive or adverse. Lunceford v. Trenk (1974), 163 Mont. 504, 518 P.2d 266.

The District Court's finding of a public easement to the state land in accordance with historical use is sufficient to grant Rasmussen a continuing unimpeded right of way to his leasehold. Although it need not have further ruled, the District Court also found Rasmussen entitled to both an easement in gross and an easement appurtenant to his agricultural leasehold. Fowler contends error in both findings.

It is sufficient to say that the District Court's conclusions have an adequate grounding in fact and law. Rasmussen presented substantial credible evidence of adverse use. Fowler failed to overcome the disputable presumption by contrary preponderant evidence. Rule 301(b)(2), M.R.Evid.; Parker v. Elder, supra. An

6

easement in gross may be obtained by prescription. Restatement of Property, § 454, supplement at 29. As for an easement appurtenant, Fowler maintains that the state land is the dominant tenement, and that Rasmussen, as a mere lessee, cannot be granted a prescriptive right. We agree that Rasmussen cannot be granted an easement appurtenant to the state land, but hold that the lower court rightly determined that there is such a right recognized in favor of the State as the owner through long historical use, and that Rasmussen, in his standing, as lessee, has the right of use of that easement for agricultural purposes.

Rasmussen cross-appeals the denial of punitive damages and attorney fees originally awarded him.

Rasmussen was granted entitlement to damages, punitive damages, and attorney fees by the District Court in its order of November 4, 1988. In the final judgment and order entered January 12, 1990, Judge McLean denied the right to attorney fees awarded by his predecessor, Judge Wheelis. In addition, the District Court in its judgment reserved the imposition of punitive damages pending any violation of the final judgment and order.

Section 27-1-221, MCA, states that "reasonable punitive damages may be awarded where the defendant has been guilty of actual fraud or actual malice." Subsection (2) states that actual malice exists where the defendant "has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff" and proceeds to act in disregard or indifference to the high probability of injury. Fowler clearly did

so here. Despite being told by his predecessor and others that the road was to remain open, and being told by Rasmussen that a new gate would unable him to harvest his leasehold crop, Fowler proceeded to block the McFadgeon Road.

Our reading of the judgment granted by the District Court is that it granted injunctive relief to Rasmussen as well as nominal compensatory damages, and held open the possibility of punitive damages if Fowler violated the order and judgment. The District Court also denied attorney fees to Rasmussen, although such damages are sometimes awarded in cases involving injunctive orders. The reason for denial of punitive damages at the judgment stage are probably that the earlier order granted by the court served to keep the road open and unobstructed during the litigation. It does not appear the earlier order was disobeyed. The District Court does not appear to be clearly erroneous at this stage, so we affirm the District Court's order on punitive damages. We also affirm the decision of the District Court not to award attorney fees. The only statutory provision in which this Court has found reason to grant attorney fees is § 27-19-406, MCA, and this statute refers only to parties who obtain a dissolution of an injunctive order. Northern Border Pipeline Co. v. State (1989), 237 Mont. 133, 772 P.2d 839.

Affirmed.

John C. Sheehy
_____
Justice

We Concur:

8

_____
Chief Justice

_____

_____
William E. Hunter

_____
R.C. McDonough
Justices

9