No. 02-172

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 297N

RON GREGORY, JR.,

        Petitioner,

  and

RON GREGORY, SR.,

        Petitioner and Appellant,

  v.

ELI SPANNAGEL, JR., and JEAN K. SPANNAGEL, his wife.

        Respondents and Respondents.

FILED

DEC 12 2002

Ed Smith
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ron Gregory, Sr. (pro se), Forsyth, Montana

    For Respondents:

        Geoffrey R. Keller, Matovich & Keller, P.C., Billings, Montana

Submitted on Briefs:  June 6, 2002

Decided:  December 12, 2002

Filed:

_____
              Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Plaintiffs Ron Gregory, Jr., and Ron Gregory, Sr., brought this action in the District Court for the Sixteenth Judicial District in Rosebud County to establish an easement by implication or necessity over land owned by Respondents Eli and Jean Spannagel. They obtained a temporary restraining order (TRO) *ex parte*, and sought an injunction *pendente lite* until final resolution of the easement claim. The District Court later granted Spannagels' motion to dissolve the TRO and awarded attorney fees to Spannagels for defending against the TRO. Gregorys filed a motion to set aside the award of attorney fees, which the District Court denied. The District Court entered final judgment in favor of Spannagels, and Gregory, Sr., appeals the District Court's Memorandum and Order Regarding Attorney Fees, Motion to Dismiss and Other Pending Motions. We affirm the order of the District Court and award additional attorney fees on appeal to Spannagels.

¶3 There are two issues on appeal:

¶4 1. Did the District Court err when it determined that Ron Gregory, Sr., unlawfully practiced law?

2

¶5    2.  Did the District Court abuse its discretion when it affirmed the award of attorney fees and imposed Rule 11 sanctions against Ron Gregory, Sr.?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6    On July 28, 1997, Ron Gregory, Jr., purchased approximately 3,828 acres of property on adjacent parcels from Xlent Land Corporation.  Apparently Gregory, Jr., and Gregory, Sr., purchased this property as part of a joint venture to develop the property for ranching and residential purposes.

¶7    Shortly after moving onto the property, a dispute arose between the Gregorys and Spannagels regarding road access to the Gregory property.  There were two main routes for access to the Gregory land.  The first, a gravel road that winds through the Gregory parcel, exits at the north end of the Gregory parcel and continues for two miles north where it passes under Interstate Highway 94.  The height of vehicles which can pass under I-94 is limited.  The second, "Reservation Creek Road," is a county road that runs north to I-94 and lies immediately to the west of the parties' property on "Section 13."  To access the Gregory parcel by way of the second road–known as the "well road"–vehicles must cross over the western half of Section 13, which the Spannagels own, to reach the eastern half of Section 13, which forms part of the Gregory property.

¶8    The Gregorys began developing their parcel, and traversed the "well road" on several occasions to deliver materials to the Gregory parcel.  While some of the use was permitted, eventually, the Spannagels objected to the use and delivered a Criminal Trespass Notice to the Gregorys on October 10, 1997, warning them of civil and criminal sanctions for further

use of the "well road" on the western half of Section 13. Gregorys filed a petition for declaratory relief and sought a TRO and injunction against the Spannagels on November 20, 1997. The District Court initially granted the TRO. However, after Spannagels filed a motion to dissolve the TRO on November 24, 1997, the court held a hearing on November 25, 1997, modified the TRO temporarily after the hearing, and later quashed the TRO on December 9, 1997. Gregorys requested reconsideration on December 29, 1997, and Spannagels filed a timely response. The District Court eventually denied reconsideration over one year later on January 11, 1999.

¶9    Spannagels then filed a motion for attorney fees on January 15, 1999, pursuant to § 27-19-306, MCA. Shortly thereafter, Gregorys amended their petition for declaratory judgment, and alleged, as an alternate theory, a right to prescriptive use of the "Quist homestead road." In its November 29, 1999, Memorandum and Order, the District Court concluded that Gregorys failed to timely respond to Spannagels motion for fees and otherwise concluded that the Spannagels deserved fees on the merits of their successful defense against the TRO.

¶10    On January 26, 2000, Gregorys moved to dismiss their amended petition without prejudice. On January 31, 2000, one of Gregorys' attorneys moved to withdraw from representation at Gregory, Sr.'s, request and Gregory, Sr., appeared without counsel at a hearing and presented and filed a motion to the court on behalf of his son and himself to set aside the District Court's November 29, 1999, order granting attorney fees to the Spannagels. Gregory, Sr., claimed that pursuant to Rule 60(b), M.R.Civ.P., there were sufficient grounds

4

to set the order aside, including "newly-discovered evidence" of the "Quist homestead road" easement and several allegations that Spannagels committed fraud and made fraudulent representations before the court during the TRO hearings and during settlement negotiations. Spannagels opposed the motion, contended that Gregory, Sr., was not permitted to represent Gregory, Jr., that the Quist easement was irrelevant to the TRO issue, that the motion was untimely, and that no settlement agreement had ever been reached.

¶11 Spannagels requested an opportunity to take the deposition of Gregory, Jr., who was absent from these proceedings, and Gregory, Sr., filed an objection on his son's behalf, noting that his son was in Hong Kong and unavailable for the deposition. Gregory, Jr., submitted a letter to the court indicating his wish that Gregory, Sr., represent him as "spokesman" for the family and pursuant to his power of attorney.

¶12 On February 9, 2000, Gregorys' remaining counsel withdrew from representation. On February 11, 2000, Gregory, Sr., filed a reply to the Spannagels' response to the Gregorys' motion to set aside attorney fees. On February 14, 2000, Gregory, Sr., filed a motion to prohibit taking Gregory, Jr.'s, deposition the next day, and neither Gregory, Jr., or Gregory, Sr., appeared at the deposition. On February 29, 2000, the Spannagels moved to prohibit Gregory, Sr., from the unauthorized practice of law.

¶13 The District Court considered the pending motions and on December 3, 2001, issued a Memorandum and Order Regarding Attorney Fees, Motion to Dismiss and Other Pending Motions. The District Court affirmed its earlier award of attorney fees, concluded there was no settlement agreement and that none of Gregory, Sr.'s, contentions were meritorious. It

5

found that his motion to set the award aside was frivolous, and awarded attorney fees for defending against that motion. The court determined that Gregory, Sr., engaged in the unlawful practice of law by representing Gregory, Jr. The court ordered that Gregorys be jointly and severally liable for $3665.54 of attorney fees for defending against the TRO, that Gregory, Sr., represent only his own interests, and also awarded attorney fees in the amount of $2328.80 for having to defend against the motion to set aside.

## STANDARD OF REVIEW

¶14 When reviewing a district court's order granting or denying injunctive relief, we determine whether the court abused its discretion. *Sweet Grass Farms v. Board of County Com'rs*, 2000 MT 147, ¶ 20, 300 Mont. 66, ¶ 20, 2 P.3d 825, ¶ 20. We review a district court's findings of fact to determine whether the court's findings are clearly erroneous. *Guthrie v. Hardy*, 2001 MT 122, ¶ 24, 305 Mont. 367, ¶ 24, 28 P.3d 467, ¶ 24. We review a district court's conclusions of law for correctness. *Carbon County v. Union Reserve Coal Co., Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. When a district court concludes a violation of Rule 11, M.R.Civ.P., occurred, we will reverse only where there is a manifest abuse of discretion. *Fjelstad v. State, Through Dept. of Highways* (1994), 267 Mont. 211, 226, 883 P.2d 106, 115.

## DISCUSSION

## ISSUE 1

¶15 Did the District Court err when it determined that Ron Gregory, Sr., unlawfully practiced law?

6

¶16 The District Court concluded that it was appropriate to strike motions and pleadings filed by Gregory, Sr., on behalf of Gregory, Jr., since Gregory, Sr., is not a licensed attorney in Montana. Gregory, Sr., contends that he represents a "common cause" and acts for the "benefit of the entire Gregory Family," and requests that we distinguish *Weaver v. Law Firm of Graybill, et al.* (1990), 246 Mont. 175, 803 P.2d 1089.

¶17 Section 37-61-210, MCA, provides that one who practices law in court without a license is guilty of contempt of court. We concluded in *Weaver* that a husband could not appear in court on behalf of his wife to present her claims as a plaintiff. *Weaver*, 246 Mont. at 178, 803 P.2d at 1091. Here, Gregory, Sr., appeared at the District Court and filed pleadings on behalf of his son Gregory, Jr. Gregory, Sr., admits that he has no license to practice law. We find that the District Court did not err when it prohibited Gregory, Sr., from representing Gregory, Jr. We also limit this appeal to Gregory, Sr.'s, interests since Gregory, Jr., did not appeal any decision or judgment of the District Court.

## ISSUE 2

¶18 Did the District Court abuse its discretion when it affirmed the award of attorney fees and imposed Rule 11 sanctions against Ron Gregory, Sr.?

¶19 The District Court concluded that there was no basis for setting aside the previously-awarded attorney fees. It found that the parties had not reached an agreement to waive those fees and that Gregory, Sr.'s, allegation regarding the Quist easement was irrelevant to the prior defense against the TRO. The court further concluded that the Quist easement was irrelevant since Gregorys had previously moved to dismiss its amended petition claiming the

7

Quist easement. The District Court concluded that the motion was frivolous and without merit, violated Rule 11, M.R.Civ.P., and awarded attorney fees to Spannagels pursuant to that rule.

¶20 On appeal, Gregory, Sr., contends that the motion to set aside was not frivolous because of the Quist easement evidence and that the District Court erred when it declined to consider the alleged fraud perpetrated by the Spannagels during and subsequent to the TRO hearing. Finally, Gregory, Sr., contends that the District Court erred when it found that the Spannagels did not breach a settlement agreement with the Gregorys, which included a provision that the Spannagels would waive their claim for attorney fees incurred in defense of the TRO.

¶21 Spannagels note that Gregory, Sr., does not challenge the reasonableness of the fees and ask that this Court affirm the amount of the attorney fees if we affirm the award of attorney fees. Spannagels also contend that the award of attorney fees was authorized pursuant to § 27-19-306, MCA, and our decision in *Marta v. Smith* (1981), 191 Mont. 179, 622 P.2d 1011. Spannagels further contend that the District Court's conclusions regarding the Quist easement claims were correct since that information was available at the time of the TRO, was never presented at the TRO hearing despite the availability of that information, and is irrelevant because the award of attorney fees relates to the successful defense against the TRO and was not based on the ultimate merits of the case. Spannagels also contend that no settlement agreement was reached and that even if there had been an agreement, Gregorys

8

have not performed their part of the contract and should not be entitled to claim the benefits of the agreement.

¶22 We have recognized that "attorney fees and costs are recoverable under section 27-19-306, MCA, as elements of the damages sustained by reason of the injunction . . . ." *Marta,* 191 Mont. at 187, 622 P.2d at 1015-16. Our decision in *Marta* to permit recovery of attorney fees incurred to defend against an injunction is consistent with the purpose of § 27-19-306, MCA, to compensate for "costs and damages that may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Section 27-19-306(1), MCA. It is without dispute that Spannagels successfully had the TRO set aside and are entitled to attorney fees, notwithstanding Gregory, Sr.'s, remaining contentions.

¶23 We first conclude that Gregory, Sr.'s, "newly-discovered" evidence claim is without merit and irrelevant to the issue of attorney fees. The "Quist easement" does not even pertain to the same road for which the TRO was sought and, in any event, Gregory, Sr., has moved to dismiss his Quist easement claim and is precluded from further proof of that claim.

¶24 Nor are we persuaded by Gregory, Sr.'s, contention that Spannagels committed fraud when they sought to set aside the TRO. Gregory Sr.'s, fraud allegations are based on a scrivener's error in the original criminal trespass notice sent by the Spannagels, testimony about the exact dimensions of the access under I-94, and the question of whether or not Charles Quist was a "homesteader." These alleged fraudulent statements were all immaterial to the District Court's decision to quash the TRO, and were or could have been clarified upon proper cross-examination and presentation of contrary testimony by Gregorys.

9

¶25 We further conclude that the District Court did not err when it found that there "was never a settlement agreement." Gregory, Sr., has not provided a settlement agreement signed by both parties, but contends that Spannagels agreed to waive the attorney fees in a letter dated April 27, 1999, and that Gregory, Sr., accepted the offer in his June 28, 1999, letter. The April 27, 1999, letter states, in part:

> We previously offered to waive our costs and attorney fees incurred to date if this matter is dismissed *and all easement claims by your client are waived.* That offer is extended *so long as no further legal expenses and costs are incurred. If you* [sic] *clients insist on pursuing this matter, it is withdrawn.* [Emphasis added.]

Spannagels also sent an additional letter on June 28, 1999, stating that "the Spannagels will waive their Petition for Attorney Fees if the Gregorys will acknowledge that they have no interest in the Spannagel property, and will waive any rights that they may have." Gregory, Sr., alleges that his attorney sent an acceptance letter on June 28, 1999, stating:

> Let this letter serve as the Gregorys' notice of their intention to withdraw their Petition for Declaratory Relief. Accordingly, per your letter of April 27, 1999, and our telephone conversations, you will similarly dismiss your pending Motion for Attorney Fees. Per our telephone conversation on Friday, in your absence, I will be working with Carey *to draft a settlement agreement amenable to both parties.* [Emphasis added.]

This letter later included information regarding several other issues which were to be resolved by the final settlement agreement. While these letters demonstrate a willingness to settle, Gregory, Sr., has not demonstrated that he has complied with the Spannagels' requirement that he "acknowledge . . . no interest in the Spannagel property" and that he waive all easement claims against the Spannagel property. Gregory, Sr.'s, testimony in the

10

January 31, 2000, hearing clearly shows that he was still pursuing or reserving the right to pursue a claim for access across Spannagels' property. We conclude that the District Court did not err when it found that there was no settlement agreement to waive attorney fees. Accordingly, we affirm the District Court's order denying Gregorys' motion to set aside the award of attorney fees. We also affirm the amount of fees awarded since Gregory, Sr., does not raise the reasonableness of the fees as an issue on appeal.

¶26 Finally, because none of Gregory, Sr.'s, District Court arguments had legal or factual merit, we conclude that the District Court did not abuse its discretion when it concluded that "the motion to set aside order to be frivolous and completely without legal or factual support in violation of Rule 11 of the Montana Rules of Civil Procedure" and awarded attorney fees for defending against that motion. We held that sanctions are permissible where "a pleading is frivolous, i.e., not 'well grounded in fact' or 'warranted by existing law . . . .'" *Wise v. Sebena* (1991), 248 Mont. 32, 38, 808 P.2d 494, 498 (quoting Rule 11, M.R.Civ.P.). The District Court has "wide latitude to determine whether the factual circumstances of a particular case amount to frivolous or abusive litigation tactics . . . ." *D'Agostino v. Swanson* (1990), 240 Mont. 435, 446, 784 P.2d 919, 926. We affirm the District Court's conclusion that a Rule 11 violation occurred and its award of attorney fees.

¶27 For the same reasons, we conclude that this appeal is frivolous and without merit, and award attorney fees to Spannagels for having to defend against this appeal.

¶28 For these reasons we affirm the orders of the District Court and remand for determination of reasonable attorney fees incurred by Spannagels on appeal.

11

_____
Justice

We Concur:

_____

_____

_____
Justices

12

Justice Jim Rice concurring in part and dissenting in part.

¶29    I concur completely with the Court's analysis and holdings under Issues 1 and 2. I agree that Gregory's arguments were without merit and that the District Court did not err in awarding attorney fees and sanctions to the Spannagels. I would decline, however, to impose payment of Spannagels' attorney fees for this appeal upon Gregory. Following the withdrawal of his attorneys, Gregory sought to litigate this matter regarding his property *pro se*. Although his legal arguments were incorrect, I find it plausible that a nonlawyer could have believed the exchange of letters between the parties here constituted a resolution of the matter, and that, following an adverse ruling by the District Court, it was not unreasonable for Gregory to seek appellate review based upon that plausible belief.

_____
                        Justice

13