Argued and submitted January 6, 2015; on respondents' motion to dismiss filed December 9, and appellant's response filed December 23, 2014, motion to dismiss denied; affirmed November 12, 2015

7455 INCORPORATED,
*Plaintiff-Appellant,*

*v.*

TUALA NORTHWEST, LLC,
an Oregon limited liability company;
CenterCal Properties, LLC,
a Delaware limited liability company;
Nyberg CenterCal II, LLC,
a Delaware limited liability company;
and D.R.M. 7455 Nyberg Road, LLC,
*Defendants-Respondents.*

Washington County Circuit Court
C128167CV; A154857

362 P3d 1179

Terrance J. Slominski argued the cause for appellant. With him on the briefs was David Venables.

Amy Edwards argued the cause for respondents Tuala Northwest, LLC, CenterCal Properties, LLC, and Nyberg CenterCal II, LLC.

No appearance for respondent D. R. M. 7455 Nyberg Road, LLC.

Before Hadlock, Presiding Judge, and Haselton, Chief Judge, and Tookey, Judge.

TOOKEY, J.

**TOOKEY, J.**

Defendant D.R.M. 7455 Nyberg Road, LLC (DRM) owned commercial property (the DRM property) in Tualatin. Plaintiff 7455 Incorporated leased the DRM property to operate a business under the name of "Jiggles." Defendant Tuala Northwest, LLC, owned commercial property, on which a K-Mart store was located (the Tuala property), adjacent to the DRM property. Defendants Nyberg CenterCal II, LLC, and CenterCal Properties, LLC, respectively, leased and managed the Tuala property. For the sake of convenience, we will refer to Tuala, Nyberg, and CenterCal as "defendants" throughout this opinion.

After defendants erected a fence and a locked gate across a portion of the Tuala property, blocking access to the DRM property through the Tuala property, plaintiff brought this action, seeking a declaration that it has a private prescriptive easement over the Tuala property, seeking an injunction preventing defendants from interfering with that easement, and claiming damages for intentional interference with economic relations based on interference with that easement. The trial court subsequently dismissed plaintiff's claims for prescriptive easement and injunctive relief for lack of standing, and its claim for intentional interference for failure to state a claim under ORCP 21 A(8). As we explain more fully below, we conclude that the trial court did not err in dismissing for lack of standing plaintiff's claims for prescriptive easement and injunctive relief and, therefore, we also conclude that plaintiff's claim for intentional interference necessarily fails. Accordingly, we affirm.

The facts, as alleged in plaintiff's first amended complaint, are as follows:

> "For approximately forty (40) years, employees, agents and customers of Plaintiff and Plaintiff's predecessors in interest have accessed the [DRM] property by crossing an easement on a piece of property running along the east side of the [Tuala] property and then crossing the [Tuala] Property for ingress and egress to Nyberg Road. * * *

> "On or about November 2, 2012, Center[C]al acting on its own behalf, on behalf of Nyberg CenterCal, or on behalf of, or with the assistance of, Tuala, caused a fence to be

placed along the east side of the [Tuala] Property. The fence has a locked gate at the Access Point.[1]

"Plaintiff and its predecessors have used Defendant Tuala's property as alleged herein adversely, under a claim of right, continuously, and with the knowledge of Tuala and its predecessors, entitling Plaintiff and [DRM] to a prescriptive easement along the route alleged herein.

"* * * * *

"For approximately 40 years, the general public has used the routes described above for ingress and egress to Tuala's property, acquiring a public prescriptive easement.

"* * * * *

"The placing and locking of the gate described above creates an unreasonable interference with Plaintiff's property and inhibits emergency access to the [DRM] Property by police, the fire department, or for medical emergencies.

"The court should grant Plaintiff a temporary, preliminary, and permanent injunction requiring Defendants * * * to remove the gate or such portion of the fence at the Access Point.

"* * * * *

"The actions of [defendants] were done intentionally for the purpose of interfering with Plaintiff's business and done without any right to do so, causing Plaintiff damage in the approximate amount of $35,000. Plaintiff will continue to suffer damage in the future in an amount to be proven at trial."

Based on the foregoing allegations, plaintiff sought a judgment "[d]eclaring Plaintiff to have a prescriptive easement from the Access Point across the [Tuala] Property to Nyberg road"; "[e]njoining Defendants * * * from interfering with Plaintiff's employees and customers from use of the easement"; and awarding damages against defendants "in an amount not less than $35,000[.]"

Defendants moved to dismiss plaintiff's complaint. In their motion, defendants argued that plaintiff, as a mere

---

[1] Plaintiff's complaint describes the "Access Point" as "the point where employees, agents and customers entered the [Tuala] property from [the DRM] property[.]"

lessee, lacked standing to bring claims for a prescriptive easement and injunctive relief, and alternatively argued that, even if plaintiff had standing to assert those claims, plaintiff's complaint did not allege sufficient facts to support them. As to the intentional interference claim, defendants argued that plaintiff's complaint failed to state ultimate facts sufficient to constitute that claim because it did not allege that defendants acted through improper means or for an improper purpose. DRM neither joined in plaintiff's claims nor opposed defendants' motion.

After a hearing on the matter, the trial court dismissed plaintiff's claims. As to the prescriptive easement claim, the court ruled on the basis of standing, concluding as follows:

"[A] third party does not have right or standing to bring [a prescriptive easement claim]. I believe that the case law on this issue is clear, that only the landowner has that right to bring a claim, and the court cannot settle the issue of prescriptive easement in this particular setting or posture."

As to the intentional interference claim, the court concluded:

"I believe that there must be some intentional facts alleged that the means or the motive of the interference with the business relationship beyond the simple fact of the interference exists in the case in order for the claim to go forward.

"And as I've discussed with [plaintiff's counsel], the complaint merely states that that fence was erected, not that it interfered in some substantial way with Plaintiff's business, was improper in terms of the way it was constructed, or the method, or the purpose for erecting that gate and fence."

Plaintiff now appeals the dismissal of its claims.

We address, as a preliminary matter, defendants' motion to dismiss as moot plaintiff's claim for a prescriptive easement. Defendants contend that plaintiff's claim for a prescriptive easement is now moot for the reason that, after the filing of the notice of appeal, plaintiff vacated the property, and, thus, "a decision in Plaintiff's favor as to the prescriptive easement claim would have no practical effect on Plaintiff's ability to use the [Tuala] Property." As

we have noted, "[a] case is considered moot if a decision by the court 'no longer will have a practical effect on or concerning the rights of the parties.'" *State ex rel O'Connor v. Helm/Clackamas County*, 273 Or App 717, 726, 359 P3d 550 (2015) (quoting *Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993)); *see Couey v. Atkins*, 357 Or 460, 469, 355 P3d 866 (2015) (stating that a plaintiff's "concrete stake in the outcome" of a declaratory judgment action "must continue throughout the pendency of the case"). For instance, "a case becomes moot when an event occurs that 'render[s] it impossible for the court to grant effectual relief.'" *Hamel v. Johnson*, 330 Or 180, 184, 998 P2d 661 (2000) (quoting *Greyhound Park v. Ore. Racing Com.*, 215 Or 76, 79, 332 P2d 634 (1958) (brackets in *Hamel*)). In this case, although plaintiff has vacated the property, the parties' interests remain actively adverse because plaintiff seeks damages on its intentional interference claim, which is, in turn, dependent on its contention that it had a prescriptive easement. Thus, the appeal is not moot, and we deny defendants' motion to dismiss as moot plaintiff's claim for a prescriptive easement.

We now consider whether the trial court erred in dismissing for lack of standing plaintiff's claims seeking a declaration that it has a private prescriptive easement and seeking an injunction preventing defendants from interfering with that easement.[2] The term "standing" ordinarily "means the right to obtain an adjudication." *Eckles v. State of Oregon*, 306 Or 380, 383, 760 P2d 846 (1988), *appeal dismissed*, 490 US 1032, 109 S Ct 1928, 104 L Ed 2d 400 (1989); *see also Kellas v. Dept. of Corrections*, 341 Or 471, 476-77, 145 P3d 139 (2006) (stating that "'[s]tanding' is a legal term that identifies whether a party to a legal proceeding possesses a status or qualification necessary for the assertion, enforcement, or adjudication of legal rights or duties"). Parties have standing to "assert only their own legal rights and cannot rest their claim upon the legal rights of third parties." *Kelly v. Silver*, 25 Or App 441, 452, 549 P2d 1134

---

[2] With regard to the prescriptive easement, we discuss the parties' arguments in terms of standing because that is how the parties have framed the argument and that is how the trial court ruled on that issue. We note that the reason for the dismissal might have been more appropriately framed as a failure to state a claim on which relief can be granted under ORCP 21 A(8).

(1976). Thus, "[t]o say that a plaintiff has 'no standing' is to say that the plaintiff has no right to have a tribunal decide a claim under the law defining the requested relief, regardless whether another plaintiff has any such right." *Eckles*, 306 Or at 383.

On appeal, plaintiff argues that, as a lessee, it had standing to assert an independent claim for a prescriptive easement over the Tuala property. Plaintiff's argument is rooted in its contention that property ownership is not one of the elements required to establish a prescriptive easement, which is a nonpossessory interest in the land. Plaintiff notes that Oregon courts allow the "tacking" of a tenant's use for purposes of establishing adverse possession or a prescriptive easement by the owner, and argues that if a tenant's use of the property is considered the owner's use for purposes of adverse possession or a prescriptive easement, then it makes no sense that a tenant should not be permitted to bring an independent claim for prescriptive easement if it can otherwise satisfy the necessary elements.

In response, defendants cite the principle "that a person who is in possession of land as tenant for years or at will cannot prescribe in himself or herself." 28A CJS *Easements* § 27 (2008). Defendants also cite numerous cases from other jurisdictions for the proposition that a lessee "lacks standing to claim a prescriptive easement" on the ground that the adverse use of a servient estate inures to the benefit of the lessor. *See, e.g., Ryan v. Tanabe Corp.*, 97 Haw 305, 312, 37 P3d 554, 561 (Haw Ct App 1999), *cert den*, 2002 Haw LEXIS 281 (2002) (noting that a tenant cannot acquire a prescriptive easement for himself or herself; any adverse use inures only to the benefit of the landlord); *Sprague Corp. v. Sprague*, 855 F Supp 423, 435 (D Me 1994) (citing *Easements and Licenses*, 25 Am Jur 2d § 4 at 674 (1966) and stating that "Plaintiffs Millicent and Robert Monks, who have a tenancy for years, do not have standing to assert a claim to a prescriptive easement and that the owner of the fee simple estate * * * is the only party entitled to make such a claim"); *Ammer v. Arizona Water Co.*, 169 Ariz 205, 210, 818 P2d 190, 195 (Ariz Ct App 1991) ("A prescriptive easement appurtenant to a dominant tenement can only be created in favor of the person who has a fee

simple estate in the dominant tenement."); *United States v. 43.12 Acres of Land, More or Less,* 554 F Supp 1039, 1042 (WD Mo 1983) (stating the principle of Missouri law that "a tenant's use inures solely to the benefit of the landlord and such use would thus support the landlord's acquisition of an easement by prescription").

Before addressing the parties' contentions, we pause to consider the exact nature of the prescriptive easement that plaintiff seeks to establish. As plaintiff correctly contends, an easement is a "nonpossessory interest in the land of another" which allows the holder of the interest "the right to pass across another's land." ORS 105.170(1); *see also Bloomfield v. Weakland,* 224 Or App 433, 445, 199 P3d 318 (2008), *rev den,* 346 Or 115 (2009) ("An easement is a right in one person to do certain acts on land of another."). An easement may be created by grant or prescription. *See Tusi v. Jacobsen,* 134 Or 505, 508, 293 P 587, *reh'g den,* 134 Or 516, 293 P 939 (1930) ("An easement can be created only by a grant, express or implied, or by prescription from which a grant is presumed."). In order to establish an easement by prescription, a plaintiff "must establish an open and notorious use of defendants' land adverse to the rights of defendants for a continuous and uninterrupted period of ten years." *Thompson v. Scott,* 270 Or 542, 546, 528 P2d 509 (1974). Plaintiff here asserts a claim for a prescriptive easement.

An easement may be appurtenant or in gross. An easement appurtenant involves two parcels of land—the dominant tenement, to which the right of use belongs, and the servient tenement, which is subject to the use; stated another way, an easement appurtenant "is one where the land of one person, the servient tenement, is subjected to some use or burden for the benefit of the lands of another person, the dominant tenement." *Bloomfield,* 224 Or App at 445. In contrast, an easement in gross is created to benefit its owner, independent of his or her possession of specific land. *See Sunset Lake v. Remington,* 45 Or App 973, 976-77, 609 P2d 896 (1980) (concluding that a dedication that carved out an interest in the land that was separate from the land—the right to use certain streets for a water system— did not create an easement appurtenant but an easement in

gross, because the easement was not created to benefit the dedicator as the possessor of a particular tract of land, but "was personal to [the dedicator] in the sense that it was not an incident of his possession of a dominant tenement").

In construing documents of conveyances, "[t]here is an extremely strong constructional preference for the finding of an easement appurtenant rather than in gross." *Hall v. Meyer*, 270 Or 335, 339, 527 P2d 722 (1974). Here, of course, there are no documents of conveyance. But, because most prescriptive easements are created by the use of one piece of land by the possessor of another, such easements are generally construed as appurtenant. *See Firebaugh v. Boring*, 288 Or 607, 612, 607 P2d 155 (1980) (citing 2 *American Law of Property* § 8.69, 281 (1952)).

Plaintiff's complaint does not state explicitly that plaintiff is seeking an easement appurtenant. But we conclude that, because the asserted easement runs through a neighboring property for access to the DRM property and would have no use apart from its use in conjunction with the DRM property, the prescriptive easement that plaintiff is seeking to assert is an easement appurtenant to the DRM property.

We know of no decision in which an Oregon appellate court has directly addressed the issue of whether a lessee has standing to assert a claim for a prescriptive easement appurtenant.[3] We conclude that the answer to the question is found in the nature of an easement appurtenant itself. As an easement connected to a specific parcel, an easement appurtenant is a part of the land itself. *See* Herbert Thorndike Tiffany, 4 *The Law of Real Property* § 1193, 969 (3d ed 1975) ("The right is appurtenant to the land rather

[3] In *McGrath v. Bradley*, 238 Or App 269, 242 P3d 670 (2010), three plaintiffs brought an action for quiet title, claiming that they had established a prescriptive easement for a driveway across the defendant's property. *Id.* at 271. One of the plaintiffs, McGrath, owned two of the lots at issue, and the other two plaintiffs rented those lots from McGrath. *Id.* at 271-72. The trial court ruled that only plaintiff McGrath had a claim for a prescriptive easement, and that the other plaintiffs, because they rented the lots from McGrath, "did not have an ownership interest in the land." *Id.* at 271 n 1. Because those plaintiffs, who were renters, did not challenge that ruling on appeal, we did not consider the question of whether the trial court erred in concluding that those plaintiffs did not have a claim for a prescriptive easement. *Id.*

than to any particular estate in the land."). As plaintiff has noted, a tenant's adverse use generally inures to the benefit of the owner of the land, permitting the owner to make use of a tenant's use to establish adverse possession or a prescriptive easement by the owner. *Harrell v. Tilley*, 201 Or App 464, 473, 119 P3d 251 (2005) (adverse use by tenant evidences owner's open, notorious, and continuous use); *Kohler v. Alspaw*, 132 Or App 67, 72, 887 P2d 832 (1994), *rev den*, 321 Or 94 (1995) (tenant's adverse use inured to owner for purposes of adverse possession). We conclude, as a corollary to that rule, that it is the landowner, not the tenant, to whom a claim for a prescriptive easement belongs and by whom it must be asserted. Our view is consistent with the treatises and with cases from other jurisdictions that have addressed the issue. *See* 28A CJS *Easements* § 27 (2008) (stating the general rule that "a person who is in possession of land as tenant for years or at will cannot prescribe in himself or herself" and that "[a] tenant's use inures solely to the benefit of the landlord"); Tiffany, 4 *Real Property* § 1193 at 969 (stating that "[t]he common-law rule is that a prescriptive right appurtenant to land can be asserted only in favor of one who has an estate in fee simple in the land"); *Sprague Corp.*, 855 F Supp at 435 (concluding that the plaintiffs, who had a tenancy for years, "do not have standing to assert a claim to a prescriptive easement" and that "the owner of the fee simple estate * * * is the only party entitled to make such a claim"); *Ammer*, 169 Ariz at 210, 818 P2d at 195 (noting the rule "that it is the landlord, the holder of fee title, who must assert any prescriptive rights that accrue as a result of the tenant's adverse use"); *Deregibus v. Silberman Furniture Co.*, 121 Conn 633, 637, 186 A 553, 555 (1936) (noting the rule that a person "who is in possession of land as tenant at will or for years cannot prescribe in himself").

Our view is also consistent with rules relating generally to a lessee's role in establishing adverse possession or a prescriptive easement on behalf of the landowner. As plaintiff correctly contends, when a lessee's use of the servient property is within the terms of the lease, the period of the lessee's adverse use inures to the benefit of the landlord for the purpose of establishing an easement by prescription. *See Feldman et ux. v. Knapp et ux.*, 196 Or 453, 475,

250 P2d 92 (1952) ("'Adverse use of an easement over the land of a third person by a tenant under his lease inures to the benefit of the landlord so as to support the latter's right to such easement by prescription.'" (Quoting *Landlord and Tenant*, 32 Am Jur § 20 at 44 (1941).)); *see also Harrell*, 201 Or App at 473 (adverse use by tenant of predecessor in interest of owner establishes owner's open, notorious, and continuous use); *Kohler*, 132 Or App at 72 (tenant's adverse use could inure to owner's "benefit for purposes of adverse possession").

However, a lessee's use inures to the benefit of the landlord only if the use is one that is permitted by the lease. *See* 28A CJS *Easements* § 27 (2008) ("[A] tenant cannot originate adverse use in his or her landlord's favor unless the lease, expressly or impliedly, includes the easement."); *accord Deregibus*, 121 Conn at 638, 186 A at 555 ("Unless the lease is effective to cover the right of way, the plaintiff's adverse use of way under it cannot [i]nure to the benefit of the lessor."). Thus, "[i]f a tenant initiates an adverse use that is not within the terms of his tenancy, the use will remain a trespass and will not ripen into a prescriptive right no matter how long it continues." *Ammer*, 169 Ariz at 210, 818 P2d at 195. In *Ammer*, the Court of Appeals of Arizona noted that "[s]ome courts explain this rule by noting that it is the landlord, the holder of fee title, who must assert any prescriptive rights that accrue as a result of the tenant's adverse use." *Id.* The court articulated the rationale for the foregoing rule as follows:

> "If the tenant's adverse use is not within the terms of his tenancy, the landlord will not be liable for the tenant's trespass in a suit brought by the owner of the property that is being adversely used. The courts reason that where there is no basis for subjecting the landlord to the penalties that arise from the trespass, there is no basis for according him the benefits that arise from it either."

*Id.*

Finally, our view is supported by principles governing the transfer of property subject to easements. "An appurtenant easement is transferred with the benefited property whether it is mentioned in the deed or not." *Johnston v. Cornelius*, 230

Or App 733, 743, 218 P3d 129 (2009); *see also Sunset Lake*, 45 Or App at 976 n 3 ("An appurtenant easement is transferred with the dominant estate."). If plaintiff were correct that a mere lessee could obtain a prescriptive easement appurtenant over a purportedly servient estate, the owner of the dominant estate might be severely limited in transferring his or her own property or in apportioning or abandoning rights in easements appurtenant to such property.

Based on the nature of the prescriptive easement sought by plaintiff, as well as our review of the rules governing prescriptive easements appurtenant, the underlying rationales for those rules, and cases from other jurisdictions, we conclude that plaintiff lacked standing to assert a claim for a prescriptive easement over the Tuala property. As we have explained, plaintiff, as a lessee, was seeking to assert a claim for a prescriptive easement appurtenant. Plaintiff was therefore seeking to enforce an interest that was not separate from the DRM property or personal to plaintiff, but an interest that was appurtenant to land—land that plaintiff merely leased and did not own. Even assuming that plaintiff's use of the Tuala property was within the terms of its tenancy, any adverse use of the Tuala property inured to the benefit of DRM, as owner and lessor of the purportedly dominant estate. It therefore follows that any claim for a prescriptive easement could not rest on plaintiff's own rights, but on DRM's rights, which plaintiff was not entitled to assert. *See Kelly*, 25 Or App at 452 (stating the "well-established principle of law that plaintiffs may assert only their own legal rights and cannot rest their claim upon the legal rights of third parties"). Because plaintiff's claims for a prescriptive easement and injunctive relief could not rest on its own rights, plaintiff had no standing to assert those claims—that is, plaintiff had "no right to have a tribunal decide [those claims] under the law defining the requested relief," regardless of whether DRM had any such right. *Eckles*, 306 Or at 383. Thus, the trial court properly granted defendants' motion to dismiss plaintiff's claims for a private prescriptive easement and injunctive relief on the ground that plaintiff lacked standing to assert those claims.[4]

---

[4] Apart from making a general contention that the trial court erred in dismissing its claim for a public easement, plaintiff does not make any separate

Finally, as noted, plaintiff also brought a claim for intentional interference with economic relations based on its claim for a prescriptive easement. On appeal, plaintiff acknowledges that its claim for intentional interference "is predicated primarily on Plaintiff having an easement over the property of Defendants[,]" apparently conceding that, without its prescriptive easement claim, its intentional interference claim cannot stand. We agree and accept plaintiff's concession. Because, as we have explained, plaintiff has no standing to assert a claim for a prescriptive easement over the Tuala property, plaintiff's claim for intentional interference necessarily fails, and the trial court did not err in dismissing that claim.

Motion to dismiss denied; affirmed.

---

argument that it had standing to assert an easement on behalf of the general public. Accordingly, plaintiff's argument regarding a public easement is not sufficiently developed for our review, and we reject it. *See Beall Transport Equipment Co. v. Southern Pacific,* 186 Or App 696, 700-01, 701 n 2, 64 P3d 1193, *adh'd to on recons,* 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function * * * to make or develop a party's argument when that party has not endeavored to do so itself.").