FILED

03/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0274

DA 22-0274

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 45

RONALD R. OBERLANDER,

> Third-Party Plaintiff, Third-Party Counter-defendant,
> and Appellant,

v.

JACQUES HENNEQUIN, CARLIE HENNEQUIN,
KENT J. WATKISS, TAWANA RAE WATKISS, JEFFREY S.
MCDONALD, NATALIE M. MCDONALD, CHRISTOPHER
ROEMER, JOHN ZAUHER, KELLI GOLDSBURY, JOHN
GOLDSBURY, SUSAN DORAN CARTER, STEFANY J.
FRAY, PATRICK OFFEN, SAM STOVER, AUDREY J.
STOVER, KATHIE L. STANISLAW, WALTER W.
RICHARDS, III, SUSAN L. RICHARDS, JOHN D.
RANDALL, SUSAN K. RANDALL, LOUIS LEVINSON,
CAROLYN M. LEVINSON, VICTOR C. BIELBY AS
TRUSTEE OF THE VICTOR C. BIELBY TRUST,
JOHN S. STIEGLER, AND MELISSA STIEGLER,

> Third-Party Defendants, Third-Party Counter-claimants,
> and Appellees.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV-21-317
Honorable Shane A.Vannatta, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jeffrey R. Kuchel, Gregory G. Schultz, Crowley Fleck PLLP,
Missoula, Montana

For Appellees:

Joseph D. Houston, Kevin S. Jones, Jones & Associates, PLLC, Missoula, Montana

Submitted on Briefs: January 25, 2023

Decided: March 14, 2023

Filed:

_____
Clerk

2

Justice Beth Baker delivered the Opinion of the Court.

¶1 Ronald Oberlander appeals the Twenty-First Judicial District Court's preliminary injunction preventing Oberlander from accessing his leased State school trust land via private roadways in the Hidden Valley Ranches subdivision. The District Court granted the injunction after determining that Oberlander did not have standing to bring a prescriptive easement claim because he was not the owner of the dominant tenement at issue and had not otherwise asserted a legal right or claim to use the route.

¶2 The District Court mistakenly concluded that only an owner of land benefitted by an easement may bring a prescriptive easement claim. As an occupant of the dominant tenement, Oberlander has standing to bring a prescriptive easement claim pursuant to § 70-17-109, MCA. We accordingly reverse the District Court's grant of a preliminary injunction.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 The Hidden Valley Ranches subdivision was created in 1977 by the recording of Certificate of Survey No. 1316 in Ravalli County. To ensure that property owners could access the individual tracts within Hidden Valley Ranches, Certificate of Survey No. 1316 created a "60' Private Roadway and Utility Easement." Pursuant to the Hidden Valley Ranches Declaration of Covenants, the Hidden Valley Ranches Homeowners Association (HOA) maintains the roads subject to this easement. All property owners within Hidden Valley Ranches are members of the HOA, which is operated by a Board. The HOA pays for maintenance of the private roads with assessments from its members.

3

¶4      In 2001, Ronald Oberlander acquired leases for State school trust land located in Ravalli County.  Oberlander's leases cover 327.7 grazing acres and 352.3 agricultural acres.  At the same time he acquired these leases, Oberlander purchased an adjacent parcel of land within Hidden Valley Ranches—Tract 25a.  Prior to the preliminary injunction, Oberlander accessed the leased land by traveling through his tract and over portions of two private roads maintained by the HOA—Hidden Valley Road South and Fescue Slope Road.

¶5      In 2021, the HOA filed a complaint against Oberlander and applied for a preliminary injunction, alleging that Oberlander used Hidden Valley Road South and Fescue Slope Road to transport his farming equipment "without an easement or legal right to do so and without contribution for the added burden upon and damage to the [HOA] roads."  In the alternative, the HOA alleged that if an easement allowed for Oberlander's use, his use now exceeded the easement's scope because he "increased usage and thereby caus[ed] damages to the [HOA]."  The HOA claimed Oberlander's use constituted a trespass, violation of applicable covenants, and unjust enrichment.  The HOA requested that the District Court enjoin Oberlander from using the private roads to access the leased State land for the pendency of litigation.

¶6      Oberlander filed a counterclaim against the HOA and a third-party complaint against individual property owners within Hidden Valley Ranches whose property he entered to reach the State land.  Oberlander's counterclaim requested that the District Court find Oberlander's historic agricultural use of Tract 25a compliant with any applicable covenants asserted by the HOA.  In his third-party complaint, seeking declaratory

4

judgment, Oberlander claimed a prescriptive easement appurtenant to his State leasehold. Oberlander filed a lis pendens regarding his alleged prescriptive easement.

¶7 Some of the individual property owners that Oberlander named in his third-party complaint did not respond, and the District Court entered their defaults. The individual property owners who did respond counterclaimed for trespass and moved the court to join the State of Montana as an additional third-party plaintiff due to the State's interest as the owner of the land benefitted by Oberlander's prescriptive easement claim.

¶8 In an April 2022 order, the District Court denied the property owners' motion for joinder. In the same order, it dismissed Oberlander's claim for a prescriptive easement, concluding that he lacked standing to bring such a claim. The District Court determined that only the State could bring a prescriptive easement claim as owner of the land benefitted by such an easement. The court noted an October 25, 2021 letter the State sent to counsel for the HOA and property owners stating that it "d[id] not claim a prescriptive easement for the use of Hidden Valley Road South or Fescue Slope Road."

¶9 After the court dismissed Oberlander's prescriptive easement claim, the property owners who responded to Oberlander's third-party complaint applied for a preliminary injunction enjoining Oberlander from crossing over their properties with his farming equipment to reach his State leasehold. The property owners argued that they were entitled to injunctive relief because Oberlander's easement claim had been dismissed; thus, they were likely to prevail on the merits of their trespass claim.

¶10 The court convened a show-cause hearing for the requested injunction on May 6, 2022. At the hearing, Oberlander testified that he used the private roadways because he could not feasibly transport his large farming equipment to the State land via public road. Oberlander also testified to the "status quo" that would be upset by the grant of a preliminary injunction, stating that, in addition to Oberlander's two decades of use, the previous leaseholder of the State land had used the same private roads to transport farming equipment.

¶11 On May 16, 2022, the District Court entered its Findings of Fact, Conclusions of Law and Order Granting Preliminary Injunction. The order enjoined Oberlander from "entering upon Third-Party Defendants' properties, including the Hidden Valley Ranches private road easements, for the purpose of accessing the state land[.]" The court also required Oberlander to release the lis pendens he filed on the property owners' tracts.

¶12 The court reasoned that after Oberlander's prescriptive easement claim had been dismissed for lack of standing, there was "no evidence of an easement over Third-Party Defendants' properties in favor of the state land." Oberlander therefore could not "identify any legal claim or right to enter upon the Third-Party Defendants' properties to access the state land."

**STANDARD OF REVIEW**

¶13 We review the grant of a preliminary injunction for manifest abuse of discretion. *Flora v. Clearman*, 2016 MT 290, ¶ 13, 385 Mont. 341, 384 P.3d 448 (citation omitted). When the grant of a preliminary injunction is based on a court's conclusions of law, we

review the court's conclusions for correctness. *Caldwell v. Sabo*, 2013 MT 240, ¶ 19, 371 Mont. 328, 308 P.3d 81 (citations omitted). The question of standing is a question of law that we review de novo. *JRN Holdings, LLC v. Dearborn Meadows Land Owners Ass'n*, 2021 MT 204, ¶ 17, 405 Mont. 200, 493 P.3d 340 (citing *Heffernan v. Missoula City Council*, 2011 MT 91, ¶ 28, 360 Mont. 207, 255 P.3d 80 (citations omitted)).

## DISCUSSION

¶14 Oberlander argues that the District Court erred when it determined that he did not have personal standing to bring a prescriptive easement claim. Oberlander maintains that his leasehold in the State land—not the State land itself—is the dominant tenement of the alleged easement, allowing him therefore to bring his prescriptive easement claim as owner of the dominant tenement pursuant to § 70-17-109, MCA.

¶15 The property owners respond first that Oberlander's appeal is not properly before this Court because Oberlander appeals an interlocutory order, or, in the alternative, that Oberlander failed to appeal the District Court's dismissal of his prescriptive easement claim within thirty days. If Oberlander's appeal is subject to review, the property owners argue, the District Court correctly dismissed Oberlander's claim for lack of standing because, as "a mere leaseholder," Oberlander does not have standing to bring a prescriptive easement claim.

¶16 "Standing is a threshold jurisdictional requirement." *Sagorin v. Sunrise Heating & Cooling, LLC*, 2022 MT 58, ¶ 8, 408 Mont. 119, 506 P.3d 1028 (citations omitted). The property owners contend that Oberlander cannot argue the issue of standing for his

prescriptive easement claim in this appeal because the District Court's order dismissing the claim was "an adjudication of fewer [than] all claims," leaving matters in the litigation undetermined. The property owners maintain that the issue of standing would be appealable only by certification of the District Court directing the entry of final judgment on what otherwise would be an interlocutory order. *See* M. R. App. P. 6(5). The property owners add that, even if not an interlocutory order, Oberlander failed to appeal the dismissal of his prescriptive easement claim within the requisite thirty days. *See* M. R. App. P. 4(5)(a)(i).

¶17    "[P]rovided that the order is the court's final decision on the referenced matter," "[a]n order granting, dissolving, or refusing to grant an injunction is immediately appealable, notwithstanding that the merits of the controversy remain to be determined." M. R. App. P. 6(3); *Flora*, ¶ 13 (citing M. R. App. P. 6(3)(e)). "Upon appeal from a final judgment entered in an action or special proceeding in a district court, this court may review the judgment, as well as all previous orders and rulings excepted or objected to which led to and resulted in the judgment." M. R. App. P. 6(1).

¶18    In his notice of appeal, Oberlander cites the Findings of Fact, Conclusions of Law and Order Granting Preliminary Injunction entered by the District Court on May 16, 2022. The District Court granted a preliminary injunction in favor of the property owners based on its determination that Oberlander could not bring a prescriptive easement claim for lack of standing and had no continuing claim to the property owners' tracts. Oberlander argues that the District Court erred in granting the preliminary injunction because it mistakenly

8

found he did not have standing. The court's previous order dismissing Oberlander's prescriptive easement claim against the property owners "led to and resulted in" the preliminary injunction order that Oberlander timely appealed. M. R. App. P. 6(1). Oberlander's prescriptive easement claim is properly before the Court. *See* M. R. App. P. 6(1), (3)(e). We turn to the merits.

¶19 The District Court determined that Oberlander did not have standing to assert a prescriptive easement claim because "a prescriptive appurtenant easement attaches to the State Land[;] it does not *attach* to the leasehold." (Emphasis in original). The court agreed with the property owners that because the State owns the land benefitted by the alleged prescriptive easement, the State is the "holder of the alleged appurtenant easements." It therefore found that only the State, as the owner of the dominant tenement, could assert a prescriptive easement claim; Oberlander could not bring the claim.

¶20 The parties agree that Oberlander seeks an appurtenant easement rather than an easement in gross. "An easement appurtenant is one that benefits a particular parcel of land, i.e., it serves the owner of that land and passes with the title to that land." *Blazer v. Wall*, 2008 MT 145, ¶ 24, 343 Mont. 173, 183 P.3d 84. "The land to which an easement is attached is called the dominant tenement. The land upon which a burden or servitude is held is called the servient tenement." Section 70-17-103, MCA.

¶21 Oberlander argues that our precedent allows him to assert a prescriptive easement claim as the owner of an estate in the dominant tenement at issue because the dominant tenement is his leasehold, not the State land. Oberlander quotes our decision in *Leichtfuss*

9

*v. Dabney*, 2005 MT 271, ¶ 37, 329 Mont.129, 122 P.3d 1220, stating that it "may be more precise to say that an easement runs with the *estate* in land to which it is appurtenant"; rather than simply attaching to the "land." (Emphasis in original). Oberlander argues that, pursuant to *Leichtfuss*, "an estate less than fee simple may be the dominant tenement to an appurtenant prescriptive easement." Oberlander maintains, therefore, that he can bring the prescriptive easement claim because he is the owner of an estate in the dominant tenement pursuant to § 70-17-109, MCA.

¶22 The property owners counter that Oberlander cannot be the owner of the alleged dominant tenement because he does not own the land that benefits from the alleged easement. They maintain that because an appurtenant easement runs with the land it cannot attach to the leasehold interest. Thus, a leasehold cannot be the dominant tenement in a prescriptive easement claim. The property owners argue that the State, as owner of the land, is the only appropriate party to bring an appurtenant prescriptive easement claim, and it disclaimed any interest.

¶23 "It is well established that a prescriptive easement may be acquired by open, exclusive, notorious, continued and uninterrupted use for a period of five years." *Rasmussen v. Fowler*, 245 Mont. 308, 311, 800 P.2d 1053, 1055 (1990) (citing § 70-19-401, MCA) (other citations omitted). Most cases within our jurisdiction that regard a tenant's relation to a prescriptive easement claim involved the owner of the land benefitting from a prescriptive easement requesting this Court to count a lessee's or life tenant's adverse use of property towards the owner's continuous adverse use.

*See, e.g., Cook v. Hartman*, 2003 MT 251, ¶ 26, 317 Mont. 343, 77 P.3d 231; *Slauson v. Marozzo Plumbing & Heating*, 2009 MT 333, ¶ 21, 353 Mont. 75, 219 P.3d 509; *Leichtfuss*, ¶ 41. We have concluded—in this regard—that a tenant's adverse use of a property inures to the benefit of the landowners when establishing a prescriptive easement. *Cook*, ¶ 28. We thus have allowed a prescriptive easement to survive the extinguishment of an estate held in less than fee simple. *Slauson*, ¶ 25.

¶24 The dominant tenement to a prescriptive easement is the parcel of land the easement benefits. *Slauson*, ¶ 16. A person holding a possessory interest in the dominant tenement that is less than fee simple may acquire and pass on a prescriptive easement appurtenant to the dominant tenement. *Leichtfuss*, ¶ 37 ("[A]n easement appurtenant attaches to, passes with, and is an incident of ownership for the particular land to which it is appurtenant."). Oberlander quotes *Leichtfuss*, arguing that the dominant tenement can be a person's possessory interest in the estate rather than the land itself; he relies also on our decision in *Slauson* to support this contention.

¶25 In *Leichtfuss*, we recognized that a prescriptive easement may be established through the use of a person who possesses the land in less than fee simple. *Leichtfuss*, ¶ 39 (citing Restatement (Third) of Prop.: Servitudes, § 2.5, cmt. A (2000)) (noting that "a servitude may be created to burden or benefit *any* estate in land, including present possessory estates and future estates.") (Emphasis in original). We noted that an easement might not extinguish immediately upon transfer of a possessory interest despite being established by someone who did not own the land in less than fee simple. *Leichtfuss*,

11

¶¶ 39-43.[1]  In *Slauson*, we again acknowledged that a prescriptive easement created for the benefit of an interest less than fee simple could be appurtenant and continue after transfer of the interest.  *Slauson*, ¶ 19.  A person need not own the dominant tenement in fee simple to establish an appurtenant prescriptive easement.  *Slauson*, ¶ 19.

¶26     Any adverse use from Oberlander that could result in a prescriptive easement would be to the benefit of the leased land—the dominant tenement—the fee simple owner of which is the State.  *See Cook*, ¶ 28 (recognizing that a tenant's use may establish a prescriptive right for the dominant owner).  In *Rasmussen*, a case brought by a lessee, a plaintiff who leased State land claimed a prescriptive right to cross over another's property.  245 Mont. at 311, 800 P.2d at 1055.  We affirmed the trial court's conclusion that the plaintiff and his predecessors had established a prescriptive right to his leasehold but did so after upholding the trial court's finding of a public easement to the state land at issue.  *Rasmussen*, 245 Mont. at 312, 800 P.2d at 1056.  We agreed that Rasmussen could not be granted an easement appurtenant to the state land but stated that "the lower court rightly determined that there is such a right recognized *in favor of the State as the owner* through long historical use, and that Rasmussen, in his standing, as lessee, has the right of use of that easement for agricultural purposes."  *Rasmussen*, 245 Mont. at 313, 800 P.2d at 1056 (emphasis added).  Our precedent does not support Oberlander's contention that he can establish a prescriptive easement appurtenant because *his leasehold* is the dominant

---

[1] Whether an easement terminates upon transfer of the estate could depend on the intent and expectations of the involved parties.  *Leichtfuss*, ¶ 42.

12

tenement.  Neither *Rasmussen* nor the other cited cases, however, answers whether Oberlander has standing through his leasehold interest to assert the prescriptive easement claim.

¶27   The property owners argue that only the owner of the dominant tenement has standing to bring a prescriptive easement claim; a tenant cannot bring such a claim.  Our cases do not squarely address this contention.  *Slauson*, *Leichtfuss*, and *Cook* were all claims brought by the landowner, and *Rasmussen* did not decide the issue.  Other jurisdictions, however, have considered a tenant's standing to bring a prescriptive easement claim and concluded that only landowners may bring these actions.  *See 7455 Inc. v. Tuala Northwest, LLC*, 274 Ore. App. 833, 839-44, 362 P.3d 1179, 1184-86 (2015) (citing *Sprague Corp. v. Sprague*, 855 F. Supp. 423, 435 (D. Me. 1994) (plaintiffs with a tenancy for years did not have standing to assert a prescriptive easement claim); *Ammer v. Arizona Water Co.*, 169 Ariz. 205, 210, 818 P.2d 190, 195 (Ariz. Ct. App. 1991) ("A tenant for life or for years cannot establish such a [prescriptive appurtenant easement] right in his own behalf.")).

¶28   Though they do not cite it, the property owners raise an argument echoing the Oregon Court of Appeals' rationale in *7455 Inc.*  In that case, a tenant tried to bring "an independent claim for a prescriptive easement," arguing that if a landowner could count a tenant's adverse use and possession toward a prescriptive easement claim, then tenants should have standing to bring independent prescriptive easement claims.  *7455 Inc.*, 274 Ore. App. at 839, 362 P.3d at 1183.  The court acknowledged that precedent allowed a

13

landowner to establish an adverse possession or prescriptive easement claim using a tenant's adverse use. *7455 Inc.*, 274 Ore. App. at 841-42, 362 P.3d at 1185 (citing *Harrell v. Tilley*, 201 Ore. App. 464, 473, 119 P.3d 251, 256 (2005)). The court did not find persuasive, however, the tenant's logic that this principle also granted tenants the right to bring prescriptive easement claims in their own right, noting the general rule that a "tenant cannot originate adverse use in . . . [the] landlord's favor unless the lease, expressly or impliedly, includes the easement." *7455 Inc.*, 274 Ore. App. at 843, 362 P.3d at 1186 (quoting 28A C.J.S. Easements § 27 (2008)).[2] The court concluded that even if a tenant's adverse use of a property inures to the benefit of the landowner and fits within the tenant's lease, bringing a claim for prescriptive easement rests solely within the landlord's rights. 274 Ore. App. at 839-40, 844, 362 P.3d at 1184, 1186 (citing *Ryan v. Tanabe Corp.*, 97 Haw. 305, 312, 37 P.3d 554, 561 (Haw. Ct. App. 1999); *United States v. 43.12 Acres of Land, More or Less*, 554 F. Supp. 1039, 1042 (W.D. Mo. 1983)).

¶29     Montana, however, has a statute expressly allowing the "owner of any estate in a dominant tenement *or the occupant of such tenement* [to] maintain an action for the enforcement of an easement attached thereto." Section 70-17-109, MCA (emphasis added). This statute is part of the original Civil Code of 1895 and has never changed. The property owners do not address how § 70-17-109, MCA, fits into their argument that only

---

[2] In a footnote, the court acknowledged that though it discussed the parties' arguments in terms of standing, the reasons for dismissing a prescriptive easement claim brought by a tenant might more appropriately be framed as failure to state a claim on which relief can be granted. *7455 Inc.*, 274 Ore. App. at 838 n.2, 362 P.3d at 1183 n.2.

14

the owner of the dominant tenement has standing to bring a prescriptive easement claim. Nor do other jurisdictions address standing in the context of such a statute.

¶30 We have referenced § 70-17-109, MCA, sparingly—and never directly on point to this issue. In *Cook*, we cited the statute in rejecting the defendant's argument that an occupant's use of the property could not be evidence towards the owner's continuous use of the property when determining the existence of a prescriptive easement. *Cook*, ¶ 28. We reasoned that because an occupant may enforce an easement under § 70-17-109, MCA, it was "irrelevant" that the occupant was not the owner of the dominant tenement. *Cook*, ¶ 28. In *JRN Holdings*, we determined that a landowners' association could bring a prescriptive easement claim based on associational standing. *JRN Holdings*, ¶ 25. We disagreed with the defendant's argument that § 70-17-109, MCA, barred associational standing because only "owners" or "occupants" could bring prescriptive easement claims. *JRN Holdings*, ¶ 21. In *Renner v. Nemitz*, we cited to § 70-17-109, MCA, to excuse the lack of a previous landowner's testimony when the current landowner tried to assert a prescriptive easement. 2001 MT 202, ¶ 27, 306 Mont. 292, 33 P.3d 255. We noted in dictum that the children of the absent landowners, as "residents of and visitors to the dominant estate," could maintain an action for easement as occupants. *Renner*, ¶ 27.

¶31 The plain language of § 70-17-109, MCA, authorizes the owner of "any estate in a dominant tenement or the occupant of such tenement" to enforce a prescriptive easement claim. As previously discussed, the State land is the dominant tenement in this case. Oberlander occupies this dominant tenement. Applying the clear and unambiguous

15

language of the statute, we conclude that Oberlander has standing to bring a prescriptive easement claim because he is the occupant of the dominant tenement. The District Court erred when it determined that only the owner of the dominant tenement had standing to bring a prescriptive easement claim.

¶32 The District Court noted that the State does not claim a prescriptive easement. But none of our cases have addressed whether an occupant of the dominant tenement may establish a prescriptive easement when the landowner declines to assert the claim. We note nothing in § 70-17-109, MCA, however, to indicate that the owner of the dominant tenement must support a tenant's adverse use of a property to bring a prescriptive easement claim.[3] Whether Oberlander may establish the alleged prescriptive easement in light of the State's refusal to take part in this case goes to the heart of his third-party claim against the property owners. The ultimate merits of this claim were not before the District Court on a motion for preliminary injunction. Because the court dismissed the claim for lack of standing, the parties did not develop the issues, facts, and legal arguments associated with the merits of Oberlander's claim. We do not do so for the first time in the context of this appeal.[4]

---

[3] The court in *7455 Inc.* addressed potential policy concerns regarding the enforcement of a prescriptive easement if a landlord did not authorize the tenant's adverse use within the lease. But the court did not consider how a statute permitting an occupant to enforce an easement might alter its analysis.

[4] Oberlander's claim may present special considerations due to the owner of the dominant tenement being the State. Though some jurisdictions have held that a state may acquire a prescriptive easement without effecting a taking of private property, at least one has expressed the view that acquisition by a state of an easement by prescription could establish the basis of a takings claim.

16

**CONCLUSION**

¶33    The preliminary injunction was grounded in an improper conclusion that Oberlander

lacked standing.  We reverse on that ground and remand for further proceedings.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

---

*See Bruce, Ely*, & Brading.  *The Law of Esements and Licenses in Land* § 5.29, pp. 412 n. 1-5, 413 n.3 (2d ed. 2022).